IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jesse Vernon LaLone, ) | C/A No. 2:20-3106-SAL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Major Morton, Officer Judd, A. Porter, ) | |
| Bonnie, and Sergeant Brown, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Jesse Vernon LaLone, proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. This matter is before the court for review of the December 28, 2021 Report and Recommendation (the "Report") of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C). [ECF No. 61.] The Report recommends dismissal of this case for Plaintiff's failure to prosecute and failure to comply with this court's orders pursuant to Rule 41 of the Federal Rules of Civil Procedure. To date, Plaintiff has not filed any response to Defendant Porter's motion for summary judgment, filed September 21, 2021, or to Defendant Judd's motion for summary judgment, filed October 25, 2021. As the Report noted, Plaintiff has not received recent court filings in this case because the mail has been returned to the court as undeliverable mail. *See* [ECF Nos. 59, 60.] And Plaintiff did not receive the Report because it, too, was returned as undeliverable mail with "Released" written on the envelope. *See* [ECF No. 63.]

The court has informed Plaintiff that he is obligated to notify the court of any address change, and it mailed Plaintiff a change of address form on October 5, 2021. *See* [ECF Nos. 12 at 6; 49 at 1, 50.] None of those documents were returned as undeliverable. The record reflects that

1

Plaintiff's mail began to be returned as undeliverable on November 11, 2021. *See* [ECF No. 59.] Plaintiff, however, has not provided the court with a new address at which he receives mail.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

The court agrees with the Report's assessment that it appears Plaintiff no longer wishes to pursue this action. After a thorough review of the Report, the applicable law, and the record of this case, the court adopts the Report, ECF No. 61, and incorporates the Report by reference herein. Accordingly, this case is **DISMISSED** with prejudice for failure to prosecute or comply with the court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. As a result, Defendants' motions for summary judgment, ECF No. 52 and 61, are terminated as **MOOT.**

    **IT IS SO ORDERED.**

March 2, 2022  
Florence, South Carolina

/s/Sherri A. Lydon  
Sherri A. Lydon  
United States District Judge